In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 25-14087
_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

DISHAY HENDERSON,
  a.k.a. Speedy,
  a.k.a. Black,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Northern District of Florida
D.C. Docket No. 4:22-cv-00119-MW-MAL

_____

Before BRANCH, GRANT, and LUCK, Circuit Judges.

BY THE COURT:

Dishay Henderson, a federal prisoner proceeding pro se, filed a 28 U.S.C. § 2255 motion that the district court denied in a final order and judgment entered on June 13, 2025. The district court denied Henderson's motion for relief under Federal Rule of

2                          Order of the Court                          25-14087

Civil Procedure 60(b) in an order entered on August 28, 2025.  On September 26, 2025, Henderson filed a notice of appeal challenging both denials.

Henderson's notice of appeal is untimely to challenge the district court's June 13, 2025, final judgment.  *See* 28 U.S.C. § 2107(b)(1); Fed. R. App. P. 4(a)(1)(B)(i).  To timely seek review of the final judgment, Henderson needed to file a notice of appeal by August 12, 2025.  *See* 28 U.S.C. § 2107(b)(1); Fed. R. App. P. 4(a)(1)(B)(i); *United States v. Jordan*, 915 F.2d 622, 628 (11th Cir. 1990) (explaining that § 2255 proceedings are civil in nature).  Henderson's Rule 60(b) motion was filed, under the prison mailbox rule, more than 28 days after the district court entered final judgment and, thus, did not toll the time to appeal.  *See* Fed. R. App. P. 4(a)(4)(A); Fed. R. Civ. P. 59(e); *Browder v. Dir., Dep't of Corr. of Ill.*, 434 U.S. 257, 267-72 & n.7 (1978).  His notice of appeal, deemed filed on September 26, 2025, under the prison mailbox rule, is therefore untimely, and we lack jurisdiction to review the final judgment.  *See Green v. Drug Enf't Admin.*, 606 F.3d 1296, 1300 (11th Cir. 2010); *Houston v. Lack*, 487 U.S. 266, 276 (1988); Fed. R. App. P. 4(c)(1).

However, because Henderson's notice of appeal was filed within 60 days of the entry of the district court's August 28, 2025, order denying his Rule 60(b) motion, his notice is timely to challenge that order.  *See* 28 U.S.C. § 2107(b)(1); Fed. R. App. P. 4(a)(1)(B)(i).

25-14087                    Order of the Court                    3

Accordingly, this appeal is DISMISSED, in part, as to the June 13, 2025, final order and judgment and may proceed as to only the August 28, 2025, order. No motion for reconsideration may be filed unless it complies with the timing and other requirements of 11th Cir. R. 27-2 and all other applicable rules.